A1

AO 243 (Rev. 5/85)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District MASSACHUSETTS | |
|---|---|---|
| Name of Movant<br>D. RICKY RICHARDSON | Prisoner No.<br>03**61-038** | Case No.<br>1:00-cr-10417-EFH |
| Place of Confinement<br>F.M.C. DEVENS | **03-12381 EFH** | |

UNITED STATES OF AMERICA     v.   RICHARD D. RICHARDSON
                                   (name under which convicted)

## MOTION

1. Name and location of court which entered the judgment of conviction under attack __U.S. DISTRICT COURT, DISTRICT of MASSACHUSETTS, BOSTON__

2. Date of judgment of conviction __11/12/02__     ~~MAGISTRATE JUDGE~~ 1/C in

3. Length of sentence __23 MONTHS__

4. Nature of offense involved (all counts) __POSSESSION OF COUNTERFEIT CHECKS; POSSESSION OF FICTITIOUS CHECKS; CONSPIRACY TO UTTER COUNTERFEIT SECURITIES AND FALSE AND FICTITIOUS INSTRUMENTS__

5. What was your plea? (Check one)
   (a) Not guilty    ☑
   (b) Guilty    ☐
   (c) Nolo contendere    ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   _____

   _____

   _____

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury    ☑
   (b) Judge only    ☐

7. Did you testify at the trial?
   Yes ☑ No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☑ No ☐
   __NOTICE OF APPEAL WAS FILED LATE, DISTRICT COURT DENIED MOTION TO FILE APPEAL LATE; APPEAL OF DENIAL IS PENDING SEE ANSWER TO # 11(a)__

AMOUNT $ N/A
SUMMONS ISSUED N/A
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. C.M
11/24/03

AO 243 (Rev. 5/85)

9. If you did appeal, answer the following:

(a) Name of court _____

(b) Result _____

(c) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?
Yes ☑ No ☐

11. If your answer to 10 was "yes," give the following information:

(a) (1) Name of court  U.S. DISTRICT COURT OF MASS.

(2) Nature of proceeding  MOTION TO FILE APPEAL LATE

_____

(3) Grounds raised  TRIAL COUNSEL FAILED TO FILE A TIMELY
NOTICE OF APPEAL, DESPITE DEFENDANT'S INSTRUCTIONS
TO DO SO; COUNSEL WAS THEREBY CONSTITUTIONALLY
INEFFECTIVE

_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☑

(5) Result  MOTION DENIED BY TRIAL COURT, E.D. HARRINGTON, S.D.J

(6) Date of result  3|18|03

(b) As to any second petition, application or motion give the same information:

(1) Name of court  U.S. DISTRICT COURT OF MASS

(2) Nature of proceeding  MOTION FOR ORDER TO PRODUCE PUBLIC RECORD
REGARDING FILING OF OATHS OF OFFICE OF  U.S. ATTORNEY AND
ASSISTANT U.S.
ATTORNEY

(3) Grounds raised  FILING OF OATHS AND AFFIDAVITS IS
REQUIRED BY 5 U.S.C. sec.3331, 3332 and 3333;
DEFENDANT WAS UNSUCCESSFUL IN EFFORTS TO PROCURE
DOCUMENTS; U.S. ATTORNEYS' NONCOMPLIANCE WITH
STATUTES SUBJECTS HIS CONVICTIONS TO CONSTITUTIONAL
ATTACK

AO 243 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☑

(5) Result _DENIED  BY  JUDGE  HARRINGTON_

(6) Date of result _____ 9/12/03 _____

SEE  ALSO  ATTACHED  PAGES  4A, 4B, 4C

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.        Yes ☑ No ☐
(2) Second petition, etc.     Yes ☑ No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.

(b) Conviction obtained by use of coerced confession.

U.S. v. RICHARDSON, 1:00-cr-10417-EFH

MOTION UNDER 28 USC § 2255

CONTINUATION OF ANSWER # 11

3ᵈ POST-TRIAL MOTION, PETITION, ETC.

(a)(1) Name of court: U.S. District Court, Massachusetts
  (2) Nature of proceeding: Motion to Dismiss Indictment
      based on failure of U.S. Attorney to take required
      oath of office.
  (3) Grounds raised: See 2ᵈ Petition information. Also,
      if the U.S. Attorney and Assistant U.S. Attorney
      failed to properly take and file the required oaths
      and affidavits, they were not entitled to be present
      in the grand jury room
  (4) Evidentiary hearing? No action taken on motion
      as of this date, November 22, 2003, to the
      knowledge of the defendant.
  (5) Result: Motion is pending
  (6) Date of result: Motion is pending.

4ᵗʰ POST-TRIAL MOTION, PETITION, etc.

(a)(1) Name of court: U.S. District Court, Massachusetts
  (2) Nature of proceeding: Motion for Release Pending
      Appeal.
                    PAGE 4A

(3) Grounds raised: Defendant's sentence will terminate on or about October 2, 2004. Defendant has substantial arguments to raise on appeal, but defendant's appeal may not be decided until defendant has served all or substantially all of his sentence. Defendant does not pose a flight risk, and defendant's release will enable him to better assist in the preparation of his appeal.

(4) Evidentiary hearing? No action taken on motion to date, to the best of defendant's knowledge.

(5) Result: Motion is pending.

(6) Date of result: Motion is pending.

5th POST-TRIAL MOTION, PETITION, etc.

(a)(1) Name of Court: U.S. District Court, District of Columbia

(2) Nature of Proceeding: Petition for Writ of Mandamus

(3) Grounds raised: Defendant requested, under the Freedom of Information Act, records of the Executive Office of the U.S. Attorneys pertaining to the defendant, relating to all offers, inducements, etc. to all government witnesses, all scientific finger print and lab reports, and all grand jury minutes, reports, and interviews of witnesses, and investigation reports. The EOUSA has failed to timely respond as required by the FOIA.

PAGE 5-A

(4) Evidentiary hearing: Case is pending. No hearing
    to date.

(5) Result: Case is pending.

(6) Date of Result: Case is pending.

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Ineffective assistance of counsel -- failure to file appeal

Supporting FACTS (state *briefly* without citing cases or law) Trial counsel failed to file notice of appeal despite request by defendant. See also sworn 8-page attachment to this motion.

B. Ground two: Ineffective assistance of counsel -- failure to file timely motion to suppress physical evidence

Supporting FACTS (state *briefly* without citing cases or law): My first attorney (Fischer) failed to file a timely motion to suppress evidence seized by Boston police as a result of a search without a warrant. The court denied late filing by my second attorney (Markham) and the evidence was admitted at trial. I believe I have good grounds for allowance of a motion to suppress. See sworn attachment

C. Ground three: Ineffective assistance of counsel -- failure to challenge indictment under improper statutes and jurisdiction of court

Supporting FACTS (state *briefly* without citing cases or law): Trial counsel failed to discover and argue that I was charged under the wrong statutes and therefore court did not have jurisdiction. Checks of nonexistent shell companies are not "organizations" affecting interstate commerce. See also sworn attachment, pages 6 to 8.

(5)

AO 243 (Rev. 5/85)

D. Ground four: Ineffective assistance -- failure to adequately prepare for trial.

Supporting FACTS (state *briefly* without citing cases or law): Trial counsel failed to investigate government's witnesses and failed to contact favorable potential defense witnesses suggested by defendant, which would have exposed weaknesses and falsity of government witnesses' testimony. See also sworn attachment, pages 4-5.

E. Ground five: See attached page (6A).

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:

No grounds have been presented on appeal because trial counsel failed to timely file an appeal. Grounds were not presented to trial court because counsel was ineffective.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☑ No ☐

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing ANDREW M. FISCHER, 47 WINTER ST., 4th FLOOR, BOSTON, MA 02108

(b) At arraignment and plea Same as (a)

(c) At trial PAUL MARKHAM, P.O. Box 1101, MELROSE, MA 02176.

(d) At sentencing Same as (c).

U.S. v. RICHARDSON, 1:00 cr-10417-EFH

MOTION UNDER 28 U.S.C. SEC. 2255

CONTINUATION OF ANSWER # 12

12 E. Ground five: Ineffective assistance -- failure to challenge improper conduct at grand jury.

Supporting FACTS: Trial counsel failed to challenge indictment on grounds that U.S. Attorney and Assistant U.S. Attorney failed to comply with statutes requiring the filing of their oaths of office and related affidavits.

See also attached sworn ~~affidavit~~ attachment, page 8.

PAGE 6 A

AO 243 (Rev. 5/85)

(e) On appeal _of denial of motion to file appeal late: STEPHEN J. WEYMOUTH, 65a ATLANTIC AVE., BOSTON, MA 02110_

(f) In any post-conviction proceeding _____

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☒ No☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____

_____

(b) Give date and length of the above sentence: _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

11 | 22 | 0 3
(date)

_____
Signature of Movant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

United States of America                :
                                        :
                                        :
                                        :
                                        :
        v.                              :        Case No.: 1:00-CR-10417-001-EFH
                                        :
                                        :
Ricky Richardson                        :
                                        :

ATTACHMENT  TO
PETITION UNDER 28 U.S.C. §2255 TO
VACATE, SET ASIDE, OR CORRECT SENTENCE
AND  AFFIDAVIT  OF  DEFENDANT  AS TO FACTS STATED

**Now comes,** Ricky Richardson, Petitioner acting Pro Se,    HEREIN

hereafter, incarcerated at F.M.C. Devens in Ayer, Massachusetts,

serving a 23 month sentence with a 5 years supervised release

for one count, 18 U.S.C. §513(a) Possession of Counterfeit checks,

four counts, 18 U.S.C. §514(a) Possession of Fictitious checks,

and one count, 18 U.S.C. §371 Conspiracy, Petitioner had been

sentenced on November 12, 2002, before the Honorable Senior

United States District Court Judge Edward F. Harrington, Petitioner

issued USM No.:17761-038 out of the District of Massachusetts.

Petitioner pleaded not guilty on all counts before the court,

and proceeded with a jury trial in which the Petitioner testified

in his own behalf.  Petitioner specifically requested defense counsel

to appeal both sentence and conviction on jury finding of guilty,

to which defense counsel woefully failed to do with the court directly

after sentencing on November 12, 2002.

I hereby swear that the facts stated in this 8-page attachment
to my Petition under 28 USC sec. 2255 are true, under
the pains and penalties of perjury.
        -1-  November 22, 2003

D. Ricky Richardson

## FACTS AND TRAVEL

On November 12, 2002, Petitioner had been sentenced by the
Honorable Senior United States Judge Edward F. Harrington to
serve 23 months imprisonment and 5 years supervised release
after a jury found Petitioner guilty of the herein charges,
Petitioner specifically requested defense counsel Paul Markham
to appeal both sentence and conviction on the jury finding of
guilty, defense counsel woefully failed to do as Petitioner
requested with the court after sentencing, Petitioner was granted
to self-surrender to the United States Marshals once space was
available and Petitioner was designated as opposed to immediately
taken into custody.

On February 4, 2003, Petitioner was order to self-surrender
to the United States Marshals at the United States District
Court for the District of Massachusetts in Boston, in which
Petitioner complied, surrendered and was sent to Plymouth
County House of Correction and then transferred on February 20,
2003, to F.M.C. Devens where Petitioner is currently serving
sentence.

On February 23, 2003, Petitioner sent a letter motion to the
Honorable Senior United States Judge Edward F. Harrington to file
a late direct appeal that had been denied on March 18, 2003,
informing the Honorable Judge that defense counsel failed to file
direct appeal as requested and had provided ineffective assistance
to Petitioner depriving Petitioner of the right to direct appeal,
Petitioner also learned that defense counsel did not provide an
adequate defense at trial.

-2-

On March 26, 2003, Petitioner filed in the United States District Court for The District of Massachusetts notice of appeal to the United States Court of Appeals for the First Circuit from Judge Harrington, denied "Nunc Pro Tunc Motion" to file the late notice of direct appeal.

On April 18, 2003, Petitioner received defense counsel's
DOCKETING STATEMENT
Paul Markham's filed notice of appeal dated April 14, 2003, Petitioner was unaware that defense counsel had filed such with the Honorable Court, prior to such on April 15, 2003, the Petitioner filed Motion for "Informa Pauperis Relief" and Motion to Appointment of New Counsel in direct appeal, wherein conflict of interest with defense counsel Paul Markham existed causing him to withdraw.

Petitioner respectfully requested the Court to appoint new counsel in the direct appeal that was filed "Nunc Pro Tunc" by Petitioner, defense counsel Paul Markham failed and refused to file the Petitioner's direct appeal on time based on his conflict of interest.

Petitioners' defense counsel Paul Markham was deficient under his breach and violation of Roe v. Flores Ortega, 145 L.Ed.2d 985 (2000), by failing to file this direct appeal on time.  Once Petitioner was provided with his legal papers in prison, Petitioner acted at once in filing "Nunc Pro Tunc direct appeal motion." In Hernandez v. Reno, 238 F.3d 50 (1st Cir. 2001) at page 57, paragraph 14, the Honorable Court ruled "were this criminal case, counsel's failure to comply with a defendant's request to appeal would be treated as prejudice per se."

-3-

Ground one:

## INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner claims defense counsel Paul Markham was deficient and ineffective with the defense trial, defense counsel failed to file Petitioner direct appeal even after repeated request's by depriving Petitioner of the right to direct appeal based on defense counsel failure and refusal to file such violate Petitioners constitutional right to appeal. See: Strickland v. Washington, 466 U.S. 668, 80 L.Ed. 2d 674, 104 S.Ct. 2052 (1984) which provides authority for appellant in acting by filing the instant Nunc Pro Tunc direct appeal. Also See: Cuyler v. Sullivan, 446 U.S. 335, 64 L.Ed. 2d 333, 100 S.Ct. 1708 (1980).  In Roe v. Flores Ortega, 528 U.S. ___, 145 L.Ed. 2d 985, 120 S.Ct.____ (2000), held to provide proper framework for evaluating claim that criminal defense counsel was constitutionally ineffective for failing to file notice of appeal.

Defense counsel Paul Markham willfully obstructed Petitioner's right to due process by preventing the filing of the instant direct appeal.  Defense counsel filed the application for direct appeal on April 14, 2003, well after Petitioner learned of this deficient and ineffective act of the defense counsel.

Defense counsel Paul Markham failed to investigate Petitioner's issues to provide proper defense at trial causing ineffective assistance to Petitioner defense. Failure to investigate or prepare for the proper defense of the Petitioner by not providing defense character witnesses or codefendant's background and/or priors, fingerprint evidence, and to investigate evidence gained pursuant to an unconstitutional search and seizure used during trial.

- 4 -

Petitioner claims of ineffective assistance of counsel
allege that defense counsel did not properly prepare for
Petitioner's trial causing the Petitioner to have no defense
against the Government's claims, were the Petitioner could
have had business record of who he employed as well as his
business partner to testify to relevant information that
could have proven that Government witnesses were lying.

By defense counsel failing or unwilling to investigate
Petitioners issues caused the Petitioner to receive an
unfair trial the lead to his conviction.

Defense counsel filed Petitioners direct appeal on April
14, 2003, not after sentencing as it had been requested by
the Petitioner causing Petitioner to act on his own behalf
to seek the relief to prove his innocents to the Government's
claims that the Petitioner had been found guilty of by a jury
trial.

Defense counsel never met with Petitioner to prepare for
trial telling the Petitioner that the allegation were circumstantial
and it should be fine, and not preparing a defense that would
protect the Petitioner form being convicted under the Government's
claims.

Petitioner requested to appeal the jury verdict by defense
counsel not filing a timely appeal causes a violation in the
Petitioner due process, and if defense counsel would have filed
the Petitioner's direct appeal timely it would given the defense
a chance to demonstrate that the Governments witnesses was lying
to shift the blame.

- 5 -

Ground two:
### JURISDICTION BURDEN INTERSTATE COMMERCE

Government indicted and convicted Petitioner on 18 U.S.C.
§513(a), 18 U.S.C. §514(a), and 18 U.S.C. §371, by jury trial,
Petitioner was never found in actual possession of the checks,
nor any instrument to make any check, there was a total of 367
checks that the Government claimed were cashed at Stop & Shop
supermarket.  In fact there were only 6 that had fingerprints
belonging to the Petitioner, the Government never found or
proved that the Petitioner had cashed any of the checks, nor
were there more than one set of fingerprints on the 6 checks
that belonged to the Petitioner.  The checks were made by
computer and the three actual individuals that were cashing
the checks and had them in their possession, eventually became
Government witnesses against the Petitioner.  There were no
fingerprints belonging to the Petitioner on even one of the
individuals' checks "Charles Rogers" that he had cashed at
Stop & Shop supermarket.  This individual known as Charles
Rogers had worked for the Petitioner in the Petitioner's small
business as a sub-agent and had been terminated for opening
and falsifying accounts with cellular phone service, the two
other individuals were sisters, one by the name of Wendy Forest
whom the Petitioner had known her ex-husband, and the other
named Darlene Forest who the Petitioner had never met, nor knew,
but both of these individuals claimed that they had worked for
the Petitioner at trial and that the Petitioner had paid them
with the checks for work that they had done for Petitioner passing
out flyers.  Each check was made out for the amount of $450.00
these individuals testified that they cashed the checks was made out

- 6 -

to them, and was told by the Petitioner to do so and give him back $200.00 of the cash once they cashed the fake check.

The Government claims that there was interstate commerce by one of the checks being a copy of the organization known as Kean Trucking, but whereas, the checks not being a security of that organization but is a copy, and shows no interstates commerce by the Government using testimony of individuals who actually cashed the checks to convict Petitioner with them not facing any criminal action to prove Government's claims of conspiracy by the Petitioner with these individuals. Hearsay, ordinarily inadmissible is admitted into evidence, conspiracy laws allow the Government to shift the burden of proof, the burden of production and the burden of persuasion on the Petitioner even though the individuals could be shifting the blame on to the Petitioner to avoid prosecution themselves. The Government never released any information as to the identity of any other fingerprints found on the checks besides belonging to the Petitioner, and where they had been cashed, deposited and returned to Stop & Shop supermarket and rehandled by the clerks of Stop & Shop. The Government used evidence that had been gained pursuant to an unconstitutional search and seizure that was unrelated to the Government's claims against the Petitioner at trial.

Nonexistent shell companies on whose accounts checks were drawn in the course of scheme to utter forged securities were not "organizations" whose activities affected interstate commerce within the meaning of the statue "513(a)" making it a federal offense to utter, with intent to deceive, forged security of organization, as only effect on interstate commerce resulted from passage of

forged securities to victim which operated in interstate commerce,
intent of statute was to tie interstate jurisdictional element to
interstate effect of organization's operations, not its offense
conduct. See: <u>United States v. Barone</u>, CA9 (NEV) 1995, 71 F.3d 1442.

Petitioner claims the defense counsel<sub>∧</sub>failing to question the
indictment as to the federal jurisdiction as to the falsely made
and/or forged checks that the Government claimed the Petitioner
possessed, nor did the defense counsel question the authority of
the Government to bring such claims to a grand jury.

Petitioner has sent numerous letters to the United District
Court of Massachusetts and to the U.S. Attorneys office requesting
the oaths of office of the U.S. Attorney and the Assistant U.S
Attorney of this District that has gone ignored, Petitioner had
sent family to the clerks office of that District to obtain the
public record that should be on file at the District to which the
office pertain, to only be told that no such document is kept on
file and then sent to the U.S. Attorneys office to be told by
Assistant U.S. Attorney John A. Capin that he did not have to do
such but would not provide such in writing.

Petitioner began to research and send letters requesting this
public record from the E.O.U.S.A. in Washington, D.C., in each
letter that the Petitioner sent the request for certified copies
of the documents would be requested. Petitioner sent the E.O.U.S.A.
the letter under the freedom of information/Privacy Act, Title 5
U.S.C. §552 and §552(a) to which Petitioner's request should
have been taken as broad. Under Title 5 U.S.C. §2906 the oaths
of office should be delivered by them to the House of Congress,
agency or court to which the office pertain.

Petitioner filed with the district court an order to request
the Clerk and/or U.S. Attorney to respond to Petitioner's request
as to the request of public records to which the Honorable Judge
denied so the Petitioner filed an appeal to the Judges decision
whereas, the information that is being requested would prove that
the Assistant U.S. Attorney acted notoriously, where it is prima
facia that these individuals has acted faithfully by qualifying
for their prospective positions unless proven otherwise.